JAMES A. MONCRIEF *vs* EDWIN I. PALMER *et al.*

JULY 6, 1921.

PRESENT:  Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Usury.  Equity.*

Notwithstanding the drastic provisions of the statute in regard to usury, cap. 434, Pub. Laws, 1909, as amended by Pub. Laws cap. 838, 1912, the borrower under a usurious contract before he can be given the relief of cancellation of the contract, must perform the moral obligation resting upon him and pay or offer to pay the principal of the loan with legal interest.

*(2)  Equity.  Usury.*

Equity will enforce the usury law against the lender, and also for the protection of the borrower, in so far as such enforcement does not lead it to disregard those equitable principles, which as a court of conscience it must enjoin upon all suitors before it.

*(3)  Usury.  Equity.*

Although in law a mortgage executed by the borrower is of no effect as security for the usurious contract, in a suit by the borrower, equity will treat the mortgage as a valid security for the amount which it regards as justly due from the borrower to the lender.

*(4)  Usury.  Rate of Interest.  Equity.*

Where it appears that a lender has violated the usury statute which fixes 30% as the highest rate that may be charged for interest on sums over $50, no consideration of conscience would require a court of equity to hold that the borrower seeking relief, ought to pay more upon the loan than six per cent, the rate fixed by law in the absence of express stipulation.

*(5)  Usury.  Equity.*

Where it appeared upon bill in equity seeking relief from a usurious contract, that complainant had made payments largely in excess of legal

interest upon the loan, the court should direct such application of the excess to be made as appears most beneficial to complainant. It was error to dismiss the bill on demurrer on the ground that it neither showed payment or made tender of payment, but the bill should have been held for hearing on its prayer to restrain a threatened sale, and if upon hearing the allegations of usury were sustained the court should direct the application of the payments in excess of legal interest, as should be for the protection of complainant, and give such conditional relief as might be required under the rules of equity in the circumstances of the case.

BILL IN EQUITY on facts fully stated in opinion. Heard on appeal of complainant and sustained.

SWEETLAND, C. J. This is a bill in equity praying that a certain note made by the complainant to the respondent Palmer for money loaned be declared usurious and void and be surrendered to the complainant; that a certain mortgage deed of personal property given by the complainant to said Palmer as security for the payment of said note be cancelled; and that the respondent Palmer be restrained from alienating said mortgage and note, and from foreclosing said mortgage.

The complainant in his bill makes no offer to pay to the respondent Palmer the money loaned with legal interest. On demurrer a justice of the Superior Court held that under the allegations of the bill the transaction was usurious but dismissed the bill on the ground that payment or a tender of payment constituted a condition precedent to the granting of the equitable relief sought. The cause is before us upon the complainant's appeal from the decree of the Superior Court.

The provisions of the Rhode Island statute with reference to usury are drastic. Chapter 434, Public Laws, 1909, amended by Chapter 838, Public Laws, 1912. The violation of the act is punishable as a misdemeanor, every contract made in violation of it is void and the borrower may recover in an action at law not only the interest but any portion of the principal paid by him upon such usurious contract. The complainant's solicitor has presented to us a very comprehensive and able argument in support of his

contention that equity should recognize the view of public policy emphatically expressed in the legislative act and should cancel the usurious and void contract. This argument would have more persuasive force if the question were a new one. The settled and nearly universal practice of courts of equity is opposed to the complainant's contention. The statutes of different states have various provisions directed towards the prevention of the extortion and oppression of usury. Whatever may be the method adopted by the legislature however, although the legislative provision may go to the limit of our statute and declare the contract void and unenforceable, nevertheless courts of equity in the absence of statute, specifically constraining them to act differently, have insisted upon the equitable principle that he "who seeks equity must do equity" and have required the borrower, before he can be given the relief of cancellation of the contract to perform the moral obligation resting upon him and pay or offer to pay the principal of the loan with legal interest.

The opinion of Mr. Justice SHIRAS in *Missouri* v. *Krumseig*, 172 U. S. 351, upon which the complainant places much reliance, is based upon the construction given to a Minnesota usury statute by the Supreme Court of that state. Said statute provides that the courts may enjoin any proceeding upon an instrument given in violation of the statute and order the same cancelled and given up. The Supreme Court of Minnesota found in other provisions of the statute the legislative intent that such injunction and order should be made although the borrower did not offer to pay the debt with legal interest. Complainant's counsel finds some support for his argument in the opinion of the court in the early Massachusetts case of *Hart* v. *Goldsmith*, 1 Allen, 145, in which a borrower who brought a bill to redeem mortgaged premises was held to be entitled to the benefit of the statutory penalty for usury in reduction of the sum payable upon the mortgage. This has been followed in later Massachusetts cases. The court in that case appears

to have been affected to some extent by the provision of the Massachusetts usury statute providing that the borrower might recover the penalty for usury by a bill in chancery. We do not think it can be said fairly that in *Hart* v. *Goldsmith, supra,* the Massachusetts court intended to create an exception to the ordinary rule. We are of the opinion that we should conform to the generally accepted equitable principle. 1 Story. Eq. Jur. 14th Ed. § 424.

The complainant further contends that if under the allegations of his bill a court of equity can not properly grant him the relief of cancellation of said note and mortgage, nevertheless under said allegations the bill should not have been dismissed, but should have been retained by the court for the purpose of restraining the threatened foreclosure of the mortgage. By "foreclosure" the complainant intends the exercise by the respondent Palmer of the power of sale contained in said mortgage. The complainant bases this contention upon his claim that it appears by the bill that the sum of usurious interest paid by the complainant before the filing of the bill amounts to six per cent on the principal of the loan from the time when said loan was made up to a time about four years after the beginning this suit, or until June, 1923. The position of the complainant in that regard is that equity should restrain the threatened sale under the power because the complainant is not in default.

The General Assembly has declared that it is against public policy to permit the taking of interest at a rate in excess of that which it has prescribed. Under the statute, on all sums loaned exceeding fifty dollars the borrower is permitted to reserve, charge or take, by contract, interest not exceeding thirty per cent per annum. The taking of interest at a greater rate either directly or indirectly is prohibited, and every contract made in violation of the statute is declared usurious and void. In equity as well as in law the Superior Court will not aid a lender in the enforcement of such an usurious contract, nor should it require

a borrower to perform such contract as the condition of granting him equitable relief. As a court of equity it will enforce the usury law, established by the General Assembly, against the lender, and also for the protection of the borrower, in so far as such enforcement does not lead it to disregard those equitable principles, which as a court of conscience it must enjoin upon all suitors before it. When in equity the borrower, seeking relief from an usurious contract, is the actor before it, the Superior Court should insist upon the recognition by such borrower of his moral obligation to return the money loaned at the time when in good conscience it is due with legal interest. Although in law the mortgage is of no effect as security for the usurious contract, in a suit by the borrower, equity will treat the mortgage as a valid security for the amount that it regards as justly due from the borrower to the lender.

Upon the complainant's contention, which we are now considering, it is necessary to determine what, in the circumstances of this case, equity ought to regard as legal interest upon the loan from Palmer to the complainant. Is it six per cent., or is it thirty per cent., the highest rate allowable by law within the usurious rate taken by the respondent in the transaction? It should be borne in mind that the insistence of equity, that notwithstanding the statute there still exists a moral obligation resting upon the borrower, does not proceed from any regard for the lender, and is not for the purpose of giving life to a contract which the General Assembly has declared to be void, but arises from the equitable consideration that it is contrary to good conscience that a complainant should be freed from liability and still be permitted to retain the money of the lender and be required to make no proper compensation for its use. A contract for illegal interest is as void in equity as it is in law, and furnishes no standard for measuring the borrower's moral duty to pay interest. Under the allegations of the bill the Superior Court was warranted in holding that the lender Palmer had indirectly taken interest on the loan

made to the complainant at a rate exceeding thirty per cent per annum. No consideration of conscience would require that court to hold that the rate of interest which the complainant ought to pay upon that loan was more than six per cent, the rate fixed by law in the absence of express stipulation.

(4)   The question next arises shall the complainant in an accounting or in a proceeding to determine whether or not he is in default be permitted to have credit at the rate of six per cent for the payments which he has made as interest upon the void note, which payments have been credited by the lender in accordance with the terms of the illegal contract? Some courts of law have held that one who voluntarily pays unlawful interest upon an usurious contract cannot recover it by suit in the absence of a permissive statute; and some equity courts in stating an account between the parties or in a proceeding to redeem mortgaged premises will not allow the borrower credit at the legal rate for such voluntary payments. We regard the contrary as the sounder position and as one constituting a salutary protection to the victims of usury, which position a court, without violating equitable principles, may well take in conformity with the policy of the statute law. *Parmelee* v. *Lawrence*, 44 Ill. 405; *Norvell* v. *Hedrick*, 21 W. Va. 523. The Massachusetts court in *Hart* v. *Goldsmith*, 1 Allen, 145, and the cases following it have gone farther, and, in an equitable suit to redeem premises mortgaged to secure an usurious loan, have permitted the borrower to have credit for the amount of the statutory penalty for usury, such penalty being three times the usurious interest reserved.

From the bill it appears that the complainant has made payments largely in excess of legal interest on the loan. There has been no application of this excess which the court should recognize, but the court should direct such application to be made as appears most beneficial to the complainant. Ordinarily it would be for the benefit of a

borrower that such excess should be applied in reduction of the principal of the loan. The complainant is asking that it shall be applied to the payment of interest in advance on said loan so that he may not be in default. In view of the terms of sale contained in the mortgage, a copy of which is annexed to the bill, it appears desirable that the complainant should be protected against a sale which may be had without actual notice to him.

In our opinion the bill should not have been dismissed upon demurrer, but should have been held for hearing upon the complainant's prayer for the restraint of the threatened sale under the power contained in the mortgage. If upon hearing the complainant sustains his allegation of usury and it appears that payments in excess of legal interest have been made by the complainant upon said loan, then the Superior Court should direct the application of such payments to be made as shall be for the protection of the complainant; and the court should make such declaratory decree and should give to the complainant such conditional relief as equity may require in the circumstances of the case.

The complainant's appeal is sustained. The decree of the Superior Court, dismissing the bill, is reversed. The cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Clarence W. Woolley*, for complainant.
*Frank L. Hanley*, for respondent.