ANDERSON *v.* SHOUP.

Opinion delivered January 27, 1930.

956

*Elmo CarlLee,* for appellant.

*W. J. Dungan,* for appellee.

KIRBY, J., (after stating the facts). The allegations of the complaint show the items of the account charged against appellant and the amount of interest also, and that the interest charged exceeds the amount allowed by law, and was usurious in the sum of $30, the correct amount alleged to be agreed upon. It was shown, however, that the whole amount of the account had been voluntarily paid by appellant without objection to the payment of the alleged usurious interest, until the final settlement was made, and, although the complaint alleges that the different payments were made under protest, and were not voluntary, the allegations showing the method of payment do not show such payments to have

been otherwise than voluntarily made. According to the allegations, when the last bale of cotton and seed had been sold, the appellant had the check made payable to the landlord, and his account was given to him, and the balance of the amount of the check over the amount shown to be due him by the account was returned to appellant. He objected at this time to the settlement, claiming usury had been charged and exacted to him, and later presented his account to the executor of the estate of the deceased landlord, claiming to be entitled to an allowance for the whole amount of the account he had paid to the landlord, including the interest thereon.

The statute makes no express provision for the recovery of the money paid on usurious accounts or contracts, although it prohibits the taking of excessive or usurious interest, and declares void all notes and obligations providing therefor. The payments made on the account under the allegations of the complaint should, we think, be treated as having been voluntarily made, the amount of the account and lawful interest, and held not recoverable, under the doctrine of our cases. *Kendall* v. *Davis,* 55 Ark. 318, 18 Ark. 185; *Murphy* v. *Citizens' Bank,* 82 Ark. 131, 100 S. W. 891, 11 L. R. A. N. S. 616, 12 Ann. Cas. 535. See also 39 Cyc. 1030, paragraph H.

The complaint alleged that the tender of the amount agreed to be the amount of excessive or usurious interest exacted had been duly made, and the court correctly sustained the demurrer; and the judgment of the court sustaining the demurrer and dismissing the complaint is correct and must be affirmed. It is so ordered.