### THOMPSON et ux. v. KANSAS CITY LIFE INS. CO.

#### No. 1823.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1937.

Rehearing Denied Feb. 18, 1937.

Ruel C. Walker and Walker & Baker, all of Cleburne, for appellants.

Hamilton, Lipscomb & Wood, of Dallas, for appellee.

ALEXANDER, Justice.

In 1921, J. P. Thompson and wife borrowed $4,000, for which amount they executed their note payable to Ward-Harrison Mortgage Company in ten years, bearing interest at the rate of 6 per cent. per annum, as per interest coupons attached. Said note was secured by a first lien on a tract of land. As a part of the same transaction, the debtors executed their note for $397.80, representing one per cent. interest on the $4,000 indebtedness above referred to, payable $37.80 on the first day of November, 1922, and $40 each year thereafter until the full amount was paid. Said note was secured by a second deed of trust on the same tract of land and contained the following provision: "It being specially agreed that if any installment on said note remain unpaid for ten days after the maturity thereof, then, at the option of the beneficiary, or other holder of said note, all of said notes shall at once become due and payable." It further provided that in the event of a sale under the deed of trust the proceeds shall be applied "second, to the payment of all of said notes. * * *" The second lien note was transferred to a third party and paid in installments as it matured. The first lien note was transferred to Kansas City Life Insurance Company and the interest installments of $280 per year were paid annually as they matured, and the full amount of the principal of the note was paid at its maturity in November, 1931. In August, 1932, Thompson and wife brought this suit against Kansas City Life Insurance Company and alleged, in substance, that the contract was usurious and that by reason thereof no interest was due thereon; that in order to protect their property against a sale under said deed of trust they had been compelled to pay the sum of $2,800 as interest, and the sum of $4,000 as principal, when, as a matter of fact, they only owed the principal amount of the said indebtedness; and that by reason thereof they were entitled to recover back the amount of $2,800 paid as usurious interest on said note. They brought suit for said

over payment. The trial court rendered judgment for defendant and plaintiffs appealed.

The appellants never actually paid more than 8 per cent. interest during any one year for the use of the money so borrowed. The trial court found that all payments made by appellant on the note in question were made voluntarily. There was no evidence to support a contrary finding. Conceding that the contract was usurious under the rule announced in Manning v. Christian, 124 Tex. 517, 81 S.W.(2d) 54, and Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.(2d) 942, on the theory that in the event of acceleration of the maturity of the debt the debtor could have demanded and received more than 10 per cent. per annum for the use of the money advanced, we are confronted with the question: Can a debtor, who has voluntarily paid the principal and interest due under a usurious contract, but who has not actually paid more than 10 per cent. per annum (the statutory rate permissible) for the use of the money borrowed, recover back any part of the interest payments so made?

Revised Statutes, art. 5071, provides in effect that all written contracts which provide for a greater rate of interest than 10 per cent. shall be void and of no effect for the amount or value of the interest only. Article 5073 provides that where a debtor actually pays a greater rate of interest than 10 per cent. per annum, he may recover back double the amount of interest so paid. This latter article can have no application in this case because it is undisputed that the debtor never actually paid a greater rate of interest than 8 per cent. during any one year. Jennings v. Texas Farm Mortgage Company, 124 Tex. 593, 80 S.W.(2d) 931. It only remains to be determined whether or not the recovery here contended for is authorized under the provisions of article 5071. In the case of Bexar Building & Loan Ass'n v. Robinson, 78 Tex. 163, 14 S.W. 227, 9 L.R.A. 292, 22 Am.St.Rep. 36, it was held that a debtor who had voluntarily paid interest at a usurious rate could recover back the interest so paid in excess of the rate permissible under the statute, but that such debtor could not recover the interest so paid up to the maximum permissible under the statute. A similar holding was made by the court in the case of Smith v. Stevens, 81 Tex. 461, 16 S.W. 986, 989, last column. At the time the above cases were decided, article 5073 had not been enacted and the provision of our Constitution relating to usury was slightly (though not materially) different from the present provision on that subject, but there was no substantial difference between the provisions of R.S. art. 2979, as it existed at that time, and the provisions of article 5071 at this time.

In Palmetto Lumber Company v. Gibbs, 124 Tex. 615, 80 S.W.(2d) 742, 745, 82 S.W.(2d) 376, 102 A.L.R. 474, 482, the court, in referring to the provisions of R.S.1895, art. 3104, which was in effect the same as our present article 5071, said:

"Under the terms of article 3104, a contract for the collection of usurious interest was void as to interest, and the party contracting to pay the same could not be compelled to do so. When this article is read from its four corners, and considered in the light of the constitutional provision above quoted, and also in the light of the other articles of the same title, it is evident that, so far as this case is concerned, it dealt only with executory contracts to pay interest. It had no application where the contract was executed by the voluntary payment of usurious interest."

It is therefore apparent that under the holding of the Supreme Court, article 5071 has no application to executed contracts and that under the rule adopted in this state, where the contract has been fully executed, a debtor who has not actually paid more than the statutory rate of interest cannot recover any part of the interest so paid even though the contract provides for interest at a usurious rate. The rule above announced prevails at common law and is the holding adopted in other states where the debtor is permitted to recover back any part of the usurious payments made by him. L.R.A.1918B, 588; 66 C.J. 284, § 264; 27 R.C.L. 269; Tiffany v. Boatman's Saving Institution, 18 Wall. 375, 21 L.Ed. 868; Kendall v. Davis, 55 Ark. 318, 18 S.W. 185; Zeigler v. Scott, 10 Ga. 389, 54 Am.Dec. 395, 399; Dickerson v. Thomas, 67 Miss. 777, 7 So. 503, 506; Munford v. McVeigh's Adm'r, 92 Va. 446, 23 S.E. 857; Moncrief v. Palmer, 44 R.I. 37, 114 A. 181, 17 A.L.R. 119; Douglas v. Klopper, 107 Cal.App.(Supp.) 765, 288 P. 36, par. 4.

For the reasons above stated, the trial court did not err in denying plaintiff a recovery. The judgment of the trial court is therefore affirmed.