TEMPLE TRUST COMPANY ET AL V. W. E. HANEY ET UX.

No. 7279. Decided June 30, 1937.
Rehearing overruled April 5, 1939; June 28, 1939.
(107 S. W., 2d Series, 368; 126 S. W., 2d Series, 950.)

*John B. Daniel,* of Temple, and *Critz & Woodward,* of Coleman, for plaintiffs in error Temple Trust Company and its receiver.

*Dibrell & Snodgrass,* of Coleman, for W. E. Haney et ux.

Mr. Judge German, of the Commission of Appeals, delivered the opinion for the Court.

The opinion of the Court of Civil Appeals in this case was prepared by Justice Baugh and is reported in 103 S. W. (2d) 1035. We have made an independent investigation of the questions presented in the applications and briefs filed in this Court and have concluded that the Court of Civil Appeals has correctly decided each of them. It is, therefore, not deemed necessary or desirable for us to write further on the case.

■ As pointed out in the opinion of the Court of Civil Appeals, there is a conflict between its holding that the contracts involved are usurious and the holding of the Amarillo court on the same question in Temple Trust Company v. Cooper, 96 S. W. (2d) 408. In so far as the conflict exists, our approval of the holding of the Court of Civil Appeals in this case will be understood as a disapproval of the holding in the Cooper case.

The applications of both parties for writs of error were granted, but since neither has been awarded any relief, one-half the costs in this Court will be assessed against each.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 30, 1937.

### ON MOTION FOR REHEARING.

In memorandum opinion we heretofore affirmed the judgment of the Court of Civil Appeals in this case. See (page 415, this volume) 107 S. W. (2d) 368. The opinion of the Court of Civil Appeals is reported in 103 S. W. (2d) 1035. Motion for rehearing was overruled, but later the Court on its own motion set aside the order overruling the motion, and said motion has since been pending.

The suit was instituted by W. E. Haney and wife, who will be designated plaintiffs. It was against Temple Trust Company and its receiver, who will be referred to as defendants. The main question is one of usury. Two loans are involved, the first being referred to as No. 3345 and the other as No. 4176.

Loan No. 3345 was made May 15, 1924. It was for the sum

of $2000. However, in preparing the papers Temple Trust Company added 12 per cent, or $240.00, into the face of the notes, or bond, as additional interest, but which was designated as a part of the principal. Loan No. 4176 was made December 7, 1925, and was for the sum of $2230. An additional amount of $270.00 was added to the principal of the bond as interest, but it had the appearance of principal.

■ The provisions of the deeds of trust securing these loans are identical with the provisions of the deed of trust discussed in the case of Temple Trust Company et al. v. W. H. Sewell et ux., this day decided. (This volume p. 417, 126 S. W. (2d) 493.) In the opinion in the Sewell case these provisions are fully set out, and the discussion there is applicable to this case. Following that decision we hold these loans usurious.

We find it appropriate to discuss briefly two contentions made by plaintiffs in error. As in the Sewell case, an effort was made to give this transaction the appearance of a purchase of note and mechanic's lien from Edgar Manning at a discount of $270.00.

This case was tried before the court without a jury. The court made a finding of fact that the $270.00 was additional interest. It was undisputed that plaintiff W. E. Haney negotiated for the loan direct with R. E. L. Zimmerman, the local representative of Temple Trust Company. The papers were all prepared by the Temple Trust Company, and while bearing slightly different dates, were really in fact executed contemporaneously. In the letter of the Temple Trust Company to Zimmerman accompanying the papers the loan was referred to as follows: "No. 4176-W. E. Haney et ux.-$2500-net $2230." Haney testified that Manning agreed to build the house for $2230. Practically the only evidence indicating that Manning had anything to do with the matter was the form of the instruments. There was ample evidence to support a finding that the form which the loan took was purely simulated, and the finding of the trial court in this regard is conclusive.

■ Prior to January 4, 1930, plaintiffs paid in principal and interest upon this loan the sum of $878.09 and were entitled to a credit upon the principal of that amount. This left unpaid of the real principal the sum of $1351.90; but, according to the purport of the simulated transaction, left unpaid $1940 of principal. On January 4, 1930, plaintiffs paid the sum of $2303.10. The trial court found that of this amount the sum of $373.10 was paid as interest, and the Court of Civil Appeals allowed recovery of double that amount under Article 5073

of the Revised Statutes of 1925. Defendants urge that as the payment of $2303.10 had the effect of constituting a full performance of the contract, the payment of $373.10 then made could not form the basis of a recovery under the penalty statute; citing the case of Palmetto Lumber Co. v. Gibbs, 124 Texas 615, 80 S. W. (2d) 742, and Thompson v. Kansas City Life Insurance Co., 102 S. W. (2d) 285. Those cases are not in point here. In this instance the usurious interest was paid in pursuance of the executory contract and in performance of such contract. Certainly plaintiffs cannot be denied the privilege of recovering under Article 5073 simply because the effect of the payment then made, not considering the usurious interest, was to extinguish the principal. The payment of interest was not made after the contract was executed, but as a part of the final act of performance.

The motion for rehearing is in all things overruled.

Opinion adopted by the Supreme Court April 5, 1939.

Second motion for rehearing overruled June 28, 1939.