**SHERMAN v. STEIN et al.**

No. 11285.

Court of Civil Appeals of Texas.

San Antonio.

July 7, 1943.

Rehearing Denied Sept. 1, 1943.

Jerry D'Unger, B. D. Tarlton and James B. Hubbard, all of Corpus Christi, for appellant.

Kleberg, Eckhardt, Mobley & Roberts, of Corpus Christi, and B. D. Kimbrough, of McAllen, for appellees.

SMITH, Chief Justice.

This controversy grew out of the construction of a school building for the Calallen Independent School District in Nueces County. The construction was undertaken by Wood Sherman Construction Company, alleged to be a partnership composed of H. G. and Wood Sherman, as contractors, under bond executed by them as principal and Standard Accident Insurance Company as surety. The contractor defaulted in the payment of sub-contractors and materialmen for labor and materials. The amount withheld by the School District on the construction company's contract being insufficient to satisfy all claims against the contractor, the District instituted this action by bill of interpleader against the contractor and creditors, who answered, and the creditors sought recovery upon their respective claims against Wood Sherman Construction Company and H. G. and Wood Sherman as co-partners, and Standard Accident Insurance Company as surety on their bond.

The cause was tried by the court without a jury and upon full findings of fact and conclusions of law the court rendered judgment against Wood Sherman doing business as Wood Sherman Construction Company and H. G. Sherman, jointly and severally, in favor of George Stein, H. E. and M. V. Dunn, and John F. Grant Lumber Company, for $313.38, $781.51 and $3,-935.59, respectively. The court also rendered judgment in favor of John F. Grant Lumber Company against Standard Accident Insurance Company, as surety, in the sum of $1714.85 upon certain claims, but in favor of the Insurance Company against the Lumber Company on certain other claims, amounting to $1372.34. The court also rendered judgment in favor of the Insurance Company against the two Shermans for $750 attorney's fees.

The Lumber Company and H. G. Sherman excepted, generally, to the judgment and gave notice of appeal, but Sherman alone filed appeal bond and prosecuted this appeal thereon. The Insurance Company has not appealed.

■ The Lumber Company filed no appeal bond and has not prosecuted an appeal from that part of the judgment denying it recovery upon certain of its claims against its co-appellee, the Insurance Company, aggregating $1372.24. But, while demanding affirmance of that part of the judgment in its favor against the Insurance Company, appellee Lumber Company prays, in effect, that that part of the judgment against it in favor of the Insurance Company be reversed and that judgment be here rendered in its favor thereon, solely upon cross-assignments of error propounded for the first time in its brief as appellee, filed in this court a few days before submission of the cause. Such relief cannot be granted in this Court upon a cross-assignment of error. For it is well settled that "an appellee must perfect an independent appeal before he may cross-assign error as to a co-appellee, and failure to perfect an appeal constitutes a waiver of the right to have the Court pass upon an error alleged by cross-assignment of error." 3 Tex.Jur. § 609; Detroit, etc., Co. v. State, 124 Tex. 147, 76 S.W.2d 492; Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035, 133 Tex. 414, 107 S.W.2d 368; Sherman v. El Paso Nat. Bank, Tex.Civ.App., 100 S.W.2d 402; Dyer v. Railroad Comm., Tex. Civ.App., 115 S.W.2d 1020. Appellee Lumber Company's cross-assignments of error must therefore be disregarded.

Appellee Insurance Company, against whom appellee Lumber Company seeks recovery by way of cross-assignments of error, has moved to strike the Lumber Company's brief, because of the latter's failure to perfect appeal. The motion must be denied, since the Lumber Company's brief, as appellee, properly embraces its reply to appellant's brief. The Insurance Company's complaint in this respect is satisfied by the refusal of this Court to consider the Lumber Company's cross-assignments of error.

It appears that the trial of the cause was officially begun, for the purpose of the record, on May 23, 1941, although it seems from a stipulation in the judgment that proceedings, presumably pre-trial, were actually begun sometime before the recited date, or at least prior to May 4th, the convening date of that term of court. Beginning on May 23rd, the trial was, as recited in the judgment, "from time to time recessed, and continued to the date of this judgment," which was September 17, 1942. These facts are stated here as being relevant to most of appellant's contentions on this appeal, particularly those propounded in his first five assignments of error.

Appellant's assignments of error one through five assert that the trial court erred in permitting the defendants below to file certain trial amendments in the long course of the intermittent trial and in denying numerous applications for continuance filed from time to time by appellant. As appellant makes no reference to any bills of exception or orders showing the overruling of his objections to the filing of appellees' trial amendments or his motion to strike the same, and as no such orders are listed in the index to the transcript we must assume that none were elicited by appellant or made by the trial judge. The same may be said with reference to appellant's applications for continuance. Three such applications are embraced in the transcript showing they were filed on November 4, 1941, and June 3rd and June 26th, 1942, respectively, but appellant gives no reference to the record showing by bills of exception or otherwise that the applications were presented to or ruled upon by the trial judge, and no orders thereon are listed in the index to the transcript, although it is recited in the judgment that at the time the case was finally called for trial, on May 23, 1942, an application for continuance by appellant was overruled. The only such application filed prior to that date was appellant's first, which was filed in the previous November, and based on the illness of appellant and his inability to then testify. No harm to him resulted from denial of that application, since appellant actually testified at length later on in the course of the trial. As the record does not show, by bill of exception or otherwise, that a ruling was elicited upon appellant's other applications, it will be presumed that he waived them. Besides, it clearly appears from the record that it was well within the discretion of the trial judge to overrule appellant's applications and that appellant could not have been harmed by such rulings. We overrule appellant's assignments of error one through five.

By his sixth assignment of error appellant complains of the finding of the trial judge that "Standard Accident Insurance Company had notified appellant he would be required to sign applications for performance bonds for the Construction Company as copartner." Without setting out the evidence upon the issue, we hold it was sufficient to support the finding complained of. In any event the error, if any, seems to have been robbed of its sting by the established fact that appellant did actually execute the application of Wood Sherman Construction Company, as "member of firm," under the designation, "copartnership." We overrule appellant's sixth assignment of error.

We overrule appellant's assignments seven, eight and nine, in which complaint is made of the admission of the testimony of three witnesses that Wood and H. G. Sherman were partners in the transactions involved here. Appellant's fifth point, purporting to be germane to those assignments of error, is, simply, that "hearsay evidence is not admissible on an issue of partnership." In his statement under the point appellant does not purport to set out in substance or otherwise the objectionable testimony, but refers to pages 45, 46, 47, 48, 60, 151, 152, 153, 154, 165, 166 and 167 of the statement of facts as the places in which it may be found, if this Court chooses to search for it there. Such is not a sufficient statement under that kind of point, since it relegates to the appellate

court the duty of going through the records referred to and eking out the very testimony involved, the objections thereto, the rulings thereon and the exceptions taken. We have examined the testimony of the first witness named in the statement under this point. It appears therefrom that that testimony was admitted under a limitation that it was not binding upon appellant to show that he was a co-partner in the contracting firm, but only to show the state of mind of one of the claimants, and with the reminder of the trial judge that if it finally developed that the testimony was not legally admissible upon a material issue, it would not be considered, a fact which would be assumed without such admonition. Certainly no reversible error is apparent in this transaction. And appellant has not in his brief pointed out any transaction relating to the testimony of the other two witnesses referred to in the statement under his fifth point, and his assignments of error seven, eight and nine, to which it purports to be germane, showing any reversible error. His fifth point is accordingly overruled.

In his sixth point, and his tenth assignment of error to which it purports to be germane, appellant complains of the trial court's conclusion of law that by his conduct appellant held himself out as a partner in the contracting firm. That conclusion is supported by the specific findings of fact upon which it is based, and as appellant has not challenged any of those findings, it will be presumed here that they were supported by sufficient competent evidence. Accordingly, the point and assignments thereunder must be overruled.

The judgment is affirmed.

### On Motion for Rehearing.

In his motion for rehearing appellant urges that this Court erred in disposing of his first five assignments of error in which he complained of the filing of a trial amendment by some of the appellees, and in holding that the statements under those assignments of error were not sufficient under the rules. While it is true that we held those statements insufficient, nevertheless, it is also true that we did consider them and overrule them as being without merit. We adhere to that holding. It is deemed sufficient to reiterate that the trial below continued for three months after the filing of the trial amendment complained of, which was sufficient to nullify any element of surprise in the new pleading. Besides another appellee's original pleading, filed before the trial began, embraced the essentials of the matters set up in the trial amendment. In the face of all these facts it is quite clear that this Court cannot say that the trial judge abused his discretion in allowing appellee to file the trial amendment, or in refusing applications for continuances based on that ruling and proceeding with the trial during the ensuing three months. Certainly, no reversible error is shown in appellant's first five points.

Appellant's motion for rehearing will be overruled.