PER CURIAM.
 

 This is the second time this case has come before us.
 
 [1]
 
 The trustee in bankruptcy appeals from a judgment entered in the District Court for the Eastern District of Arkansas
 
 [2]
 
 affirming the bankruptcy court’s decision that under Arkansas law a usurious contract is voidable, not void, and that the debtor’s release constituted a voluntary payment in satisfaction of the debt.
 

 For reversal the trustee argues that the district court erred in (1) failing to apply the law of the case; (2) holding that under Arkansas law a usurious contract is voidable, not void; and (3) finding that the creditor accepted the debtor’s release. For the reasons discussed below, we affirm the judgment of the district court.
 

 The facts are not in dispute. On May 23, 1975, the debtor, Jimmy Wakefield, leased a backhoe from the creditor, Hawkins Equipment Co., an implement dealer in Memphis, Tennessee. On August 26,1975, the debtor bought the backhoe. The sales contract included a security agreement granting the creditor a security interest in the backhoe and a financing statement which was properly filed in Arkansas. The financing statement showed an interest rate of approxi
 
 *709
 
 mately 16% per annum, a rate which is usurious under Arkansas law. Ark.Const. art. 19, § 13; Ark.Stat.Ann. § 68-609 (1979).
 
 [3]
 
 By May of 1977 the debtor was experiencing financial difficulty and was several installments behind. On May 18, 1977, the debtor signed a release of his interest in the backhoe to the creditor, but dated the release May 27, 1977 in order to give himself a few more days to make up the delinquent installments. The debtor was unable to make up the delinquent installments and the creditor accepted the release in full satisfaction of the debt. In June 1977, the creditor repossessed the backhoe. The debtor subsequently filed a voluntary petition in bankruptcy.
 

 In the first appeal we affirmed the district court’s decision reversing the bankruptcy court on the question of the applicable choice of law
 
 [4]
 
 and remanding to the bankruptcy court the question whether the release of the backhoe constituted a nonrecoverable voluntary payment in satisfaction of the debt. On remand the bankruptcy court determined that under Arkansas law usurious contracts were voidable, not void, and that the debtor had voluntarily paid the debt by releasing the backhoe to the creditor. The district court affirmed.
 
 In re Wakefield
 
 (E.D.Ark.1980). This appeal followed.
 

 The trustee first argues that the district court erred in failing to apply the law of the case. The trustee argues that the first district court decision, affirmed by this court, held that the contract at issue was usurious and therefore void under Arkansas law and that such a determination constitutes the law of the case. We disagree. The first district court decision discussed whether, under Arkansas choice-of-law principles, Arkansas or Tennessee law was applicable to the contract at issue. The district court recognized that under Arkansas law usurious contracts are void, but noted that the public “policy of [Arkansas] is not so strong as to nullify an already executed contract,” and expressly reserved the question of voluntary payment for decision by the bankruptcy court. 460 F.Supp. at 1227. Thus, the choice of law, but not the voluntary payment question, was controlled by the law of the case.
 

 The trustee next argues that the district court erroneously held that usurious contracts under Arkansas law are voidable. The trustee argues that under Arkansas law usurious contracts are void, that the creditor has no rights under a void contract and that the release of the backhoe was in fact a preferential transfer prohibited under § 60 of the Bankruptcy Act, 11 U.S.C. § 96(a)(1), (b) (now recodified at 11 U.S.C. § 547(b)). We disagree. The district court affirmed the bankruptcy court’s determination that under Arkansas law usurious contracts are voidable because the applicable statute specifies that such contracts “may be canceled and annulled at the suit of the maker .... ” Ark.Stat.Ann. § 68-609 (1979). The bankruptcy court reasoned that if a usurious contract was void, then no judicial action would be necessary to cancel or annul it. The bankruptcy court therefore determined that the debtor had in effect canceled the usurious contract by voluntarily paying the debt.
 
 See, e. g., Harris v. McCann,
 
 229 Ark. 972, 319 S.W.2d 832, 838 (1959);
 
 Anderson v. Shoup,
 
 180 Ark. 955, 23 S.W.2d 616, 617 (1930). Under this analysis, the creditor had a perfected security interest in the backhoe. As found by the
 
 *710
 
 bankruptcy court, the creditor in the present case did not receive a preferential transfer because Hawkins Equipment Co., as the only secured creditor with respect to the backhoe, did not obtain an advantage over other creditors of the same class.
 

 The trustee finally argues that the district court erred in finding that the debt- or’s release constituted a voluntary payment in satisfaction of the debt. The trustee argues that, by letter dated May 27, 1977, the creditor repudiated the debtor’s release and that repossession of the backhoe did not constitute notice of the creditor’s acceptance of the release. We disagree. The bankruptcy court characterized the letter of May 27,1977, demanding payment in full from the debtor, as an acceptance of the debtor’s release. The debtor had signed the release but had post-dated it to May 27. When the debtor was unable to make up the delinquent installments by the specified date, the creditor demanded payment in full and, shortly thereafter, repossessed the backhoe. We cannot say this characterization of the financial arrangement as a voluntary payment was clearly erroneous.
 

 Accordingly, the judgment of the district court is affirmed.
 

 [1]
 

 .
 
 In re Wakefield,
 
 460 F.Supp. 1224 (E.D.Ark.1978), aff'd
 
 mem.,
 
 603 F.2d 222 (8th Cir. 1979),
 
 on remand,
 
 No. J-77-101-B (E.D.Ark. Apr. 3, 1980).
 

 [2]
 

 . The Honorable Richard S. Arnold, United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit. Judge Arnold first handled this case as a district judge; he then handled the case on remand, after appointment to the United States Court of Appeals for the Eighth Circuit, as a circuit judge sitting by special designation.
 

 [3]
 

 . Ark.Const. art. 19, § 13 provides in part: “All contracts for a greater rate of interest than ten percent per.annum shall be void, as to interest and principal, and the General Assembly shall prohibit the same by law . . .. ”
 

 Ark.Stat.Ann. § 68-609 (1979) provides in part:
 

 Every lien created or arising by mortgage, deed of trust or otherwise, on real or personal property, to secure the payment of a contract for a greater rate of interest than ten per centum [10%] per annum, either directly or indirectly, and every conveyance made in furtherance of any such lien is void; and every such lien or conveyance may be canceled and annulled at the suit of the maker of such usurious contract, or his vendees, assigns or creditors.
 

 [4]
 

 . The district court determined that Arkansas rather than Tennessee law should apply. The sales contract was usurious under Arkansas law but not usurious under Tennessee law.