**SOUTHWESTERN BELL TELEPHONE CO., Appellant,**

v.

**W.R. ASTON & Wife, Elsa Aston, James C. Hu, Chin-Long Liang, and Oriental Market, Inc., Appellees.**

No. 04–87–00055–CV.

Court of Appeals of Texas, San Antonio.

Sept. 9, 1987.

Michael F. Archer, San Antonio, for appellant.

Marvin Miller, Robert E. Golden, Charles M. Jefferson, San Antonio, for appellees.

Before CANTU, REEVES and DIAL, JJ.

## OPINION

**PER CURIAM.**

This is a suit on a telephone lease agreement brought by Southwestern Bell Telephone Company against W.R. Aston and wife, Elsa Aston, James C. Hu, Chin-Long Liang and Oriental Market, Inc. The Astons and Hu additionally sued each other for indemnity. Prior to trial, Southwestern Bell settled its claim against Hu, Liang and Oriental Market. The case was tried on Southwestern Bell's cause of action against the Astons and on the Astons' and Hu's claims of indemnity. Based on a jury verdict, the trial court signed a judgment decreeing that Southwestern Bell take nothing by its suit against the Astons, and that Hu be indemnified by the Astons for all amounts to be paid to Southwestern Bell pursuant to the settlement agreement. Southwestern Bell is the only party that has perfected an appeal from this judgment.

Southwestern Bell has moved to reverse and remand its case for a new trial on the ground that it is unable to obtain a complete statement of facts. Its motion is supported by an affidavit from the official court reporter. The Astons have also filed a motion to reverse and remand, asking that we "reverse and remand this entire cause for a new trial." Hu, Liang and Oriental Market do not oppose Southwestern Bell's motion as long as the remand is limited to Southwestern Bell's cause of action against the Astons. They oppose the Astons' motion to reverse and remand the entire cause on the ground that we have no jurisdiction to grant the motion because the Astons have not perfected a separate appeal from that portion of the judgment awarding Hu indemnity from the Astons.

An appellee may not assign cross points against a co-appellee unless he perfects his own appeal. *Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129, 137 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.); *Sherman v. Stein*, 173 S.W.2d 732, 733 (Tex.Civ.App.—San Antonio 1943, writ ref'd w.o.m.). Because the Astons have failed to perfect an independent appeal from the indemnity portion of the judg-ment, they have waived their right to complain by cross points of that portion of the judgment. We therefore have no authority to include that portion of the judgment in our order of remand.

Southwestern Bell's motion is granted, and the Astons' motion is denied. Southwestern Bell's cause of action against the Astons is reversed and remanded for a new trial. The Astons' indemnity action against Hu is not included in this order of remand.