## GLENN v. INGRAM et ux.
### No. 8216.

Court of Civil Appeals of Texas. Austin.
April 17, 1935.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellant.

Callaway & Callaway, of Brownwood, for appellees.

BAUGH, Justice.

Appeal is from an order of the district court of Brown county, Tex., overruling appellant's plea of privilege to be sued in Bell county. The suit was by Ingram and wife to cancel, on the grounds of usury, a $1,400 note executed by them on May 26, 1924, pay-

able to the Temple Trust Company, at Temple, Bell county, Tex., on June 1, 1934, to cancel a deed of trust on property in Brown county, given by them to secure the payment of said note, and recover as penalties excess interest alleged to have been paid by them theretofore. The original notes executed by them evidenced a loan made by the Temple Trust Company. The loan was evidenced by eight notes, three for $200 each, four for $300 each, due on June 1, 1925, to 1931, respectively, and one for $1,400, due June 1, 1934, all bearing interest at the rate of 7 per cent., interest payable semiannually, and each containing the usual accelerating maturity provisions in case of default. The first seven of said notes, aggregating $1,800 of the principal, and all interest accruing prior to the date of the filing of this suit had been paid. The loan was incurred in connection with, and for the purpose of, the erection by Ingram of a residence homestead in Brownwood, Tex. The record discloses that Ingram applied to U. R. Groom, agent of Temple Trust Company, at Brownwood, for a loan for that purpose; that Groom instructed him to have plans for his house prepared, get bids thereon, and upon such plans agreed to lend him $3,200, that being the price for which the contractor, J. W. Wood, agreed to erect said residence. Groom advised him that he must execute a note and mechanic's lien on the property to enable him to secure the loan. In consummating the transaction, and pursuant to Groom's instructions, Ingram and wife executed a note to Wood for $3,200, dated May 26, 1924, due in sixty days, and on the same day executed a mechanic's lien on the property to secure its payment. This note and mechanic's lien were on the same day transferred by Wood in writing to Temple Trust Company for a recited consideration of $2,880, and Ingram and wife then executed the notes and deed of trust above described. All of said instruments, including the contract between Wood and Ingram, were prepared by Groom, or under his direction, all bore the same date, and all were executed at the same time as a part of the same transaction. No money was paid out until the completion of said residence about sixty days thereafter, when the Temple Trust Company through Groom paid Wood $2,880, and Ingram was compelled to pay the additional $320. Neither Groom nor Wood testified. Ingram testified that the entire proceeding was under the direction of Groom and that the various steps taken and instruments ex-

ecuted were for the sole purpose of obtaining a loan from the Temple Trust Company to pay for the erection of his residence. Under such circumstances, it appears prima facie that it constituted but a single transaction, to which the various instruments executed were but incident, whereby Ingram and wife executed a $3,200 note and deed of trust on their property for which they received a loan of only $2,880. This presents a situation in no material respect different from that presented in Temple Trust Co. v. Stobaugh (Tex. Civ. App.) 59 S.W.(2d) 916. Under the record as presented, therefore, we think the appellees made a prima facie case of a usurious transaction entitling them to a trial upon the case pleaded in Brown county. If, after a trial upon the merits, the loan of Temple Trust Company is adjudged to be usurious from its inception, as was done in the Stobaugh Case, supra, it appears that, crediting all interest payments on the remaining principal note, Ingram would owe nothing more on his original obligation and would be entitled to have the deed of trust canceled as a cloud upon his title. The district court of Brown county, therefore, had jurisdiction of such suit, and under the showing made we think the trial court properly overruled appellant's plea of privilege. Its judgment will accordingly be affirmed.

Affirmed.