## TEMPLE TRUST CO. v. POWERS.
### No. 8400.

Court of Civil Appeals of Texas. Austin.
March 18, 1937.

Rehearing Denied July 7, 1937.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellant.

Dibrell & Snodgrass, of Coleman, for appellee.

BAUGH, Justice.

This suit involves the same character of contract and the same issues as were presented in Temple Trust Company v. Haney (Tex.Civ.App.) 103 S.W.(2d) 1035, this day decided. Powers applied to appellant's agent in Coleman for a loan to build a house. He executed a mechanic's lien contract with one R. L. Neff, who assigned it on the same day to Temple Trust Company. He also executed at the same time a deed of trust and the series of notes here involved. All of said instruments bore the same date, were acknowledged before the same notary, on the same date, and were manifestly all a part of a single transaction whereby Powers borrowed money from the Temple Trust Company, and executed the security required by it for its protection.

The loan was dated July 15, 1924. Powers applied for only $2,800, for which he was required to execute a mechanic's and materialman's lien note for $3,136, or 12 per cent. additional, and a series of notes aggregating $3,136. This series consisted of eight notes, each bearing 7 per cent. interest, interest payable semi-annual-

ly, maturing on August 1, 1925, to 1931, inclusive, and note No. 8 maturing August 1, 1934, the first three being for the principal sum of $200 each, the next four for $250 each, and the last note for $1,536. Manifestly the 12 per cent. bonus, or $336, was carried into the last note. It is agreed that Powers paid the first six of said notes, aggregating principal of $1,350, as same matured, and all interest up to August 1, 1931, aggregating $1,231.18.

This contract and loan comes clearly within our holdings in Temple Trust Co. v. Stobaugh, 59 S.W.(2d) 916, and Temple Trust Co. v. Haney, 103 S.W. (2d) 1035, this day decided, and rendered the contract usurious. Appellee sought, and the trial court allowed, all interest paid prior to two years before suit was filed to be applied to payment of principal; and awarded appellee a penalty in double the amount of interest paid within two years of the filing of this suit, which amount more than discharged the principal debt then remaining by $48.84, instead of $49.84 as found by the court, for which sum, in addition to cancellation of unpaid notes, coupons, and the liens securing them, the trial court rendered judgment in favor of Powers.

As to the penalty allowed, the trial court erred. During the two-year period prior to the filing of this suit, Powers paid interest in the aggregate sum of $267.66. During the first year of this two-year period, and considering only the real principal of $2,800 actually loaned, Powers paid as interest the sum of $142.58. There remained during that period unpaid principal in the sum of $1,700; 10 per cent. on that amount would have yielded an interest charge of $170. During the second year of this two-year period, he paid as interest $125.08, and during that period there remained unpaid principal in the sum of $1,450; 10 per cent. of this amount would, of course, have been $145. Consequently he did not, during such period, pay in excess of 10 per cent. on the remaining unpaid principal, and could not under the provisions of article 5073, R.S., collect such penalty, even though his contract, under the acceleration provisions thereof and the $336 bonus carried in the last note, was usurious. Article 5073 is penal, must be strictly construed, and, to authorize a penalty thereunder, a borrower must have actually paid more than 10 per cent. under his contract.

· The contract being usurious, Powers was entitled to have credited on the sum actually borrowed all payments made by him whether as principal or interest. The aggregate amount so paid is shown by agreement to have been $2,581.19, which deducted from the $2,800 loaned, left a balance due by him to Temple Trust Company in the sum of $218.82; and the trial court should have so decreed. Temple Trust Co. v. Haney, supra. The Temple Trust Company did not seek judgment for what it claimed as still owing, nor foreclosure of any lien. The judgment of the court in favor of Powers against appellant for $49.84 is therefore set aside, and the judgment reformed so as to establish a debt in favor of ·appellant against appellee in the sum of $218.82. In all other respects, the judgment of the trial court is affirmed.

Reformed and affirmed.