**TEMPLE TRUST CO. et al. v. MOORE et ux.**

**No. 8401.**

Court of Civil Appeals of Texas. Austin.

March 18, 1937.

Rehearing Denied July 7, 1937.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellants.

Dibrell & Snodgrass, of Coleman, for appellees.

BAUGH, Justice.

This is a companion case to that of Temple Trust Company et al. v. Powers, 107 S.W.(2d) 734, this day decided. The same questions are involved. The loan involved was $2,500, evidenced by 9 notes for $2,800, dated October 27, 1925, Nos. 1 and 2 for $150 each; Nos. 3 to 8, inclusive, for $200 each, maturing, respectively, on November 1, 1926, to 1933; and note No. 9 for $1,300, due November 1, 1935, all bearing 7 per cent. interest, interest payable semiannually. Moore paid the first five of the principal notes and interest up to November 1, 1930, aggregating $866.50. This suit was filed December 14, 1931, to have said contract declared usurious; to cancel all unsurrendered interest notes and all liens on the property involved; to have all interest paid more than two years prior to such suit credited on the principal debt; to recover penalty of double the interest paid within such two-year period and have that amount credited on the balance of such principal remaining. The trial court granted all the relief prayed for, allowed such penalty credited same on unpaid principal, and adjudged a remaining debt due by Moore to Temple Trust Company in the sum of $584.44. In this the court erred. For the reasons stated, and under similar circumstances set forth, in Temple Trust Company v. Haney (Tex.Civ.App.) 103 S.W.(2d) 1035, and in Temple Trust Company v. Powers (Tex.Civ.App.) 107 S.W. (2d) 734, this day decided, the $147 paid as interest by Moore during the two years preceding the filing of this suit, on the $1,600 true principal remaining, treating said loan as $2,500, did not exceed 10 per cent, on the remaining unpaid principal within the meaning of article 5073, R.S. The trial court properly held the contract usurious, but improperly awarded the penalty. Crediting the $2,500 borrowed with the $1,766.50 paid, there remained still owing by Moore to the Temple Trust Company the sum of $733.50, instead of $584.44, as adjudged by the trial court. Its judg-

ment is reformed in this respect to so provide, and as so reformed is in all other respects affirmed.

Reformed and affirmed.