## INGRAM et al. v. TEMPLE TRUST CO. et al.

### No. 8415.

Court of Civil Appeals of Texas. Austin.
March 24, 1937.

On Appellees' Motion for Rehearing July 7, 1937.

Callaway & Callaway, of Brownwood, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellees.

BAUGH, Justice.

This is a usury suit. It has heretofore been before us on appeal from an order overruling the appellee's plea of privilege to be sued in Bell County. See Glenn v. Ingram (Tex.Civ.App.) 81 S.W.(2d) 1052. This appeal is from a judgment in favor of the defendant, appellee here, in a trial to a jury on the merits on special issues. The judgment recites that it was rendered upon appellee's "motion in writing for judgment upon the verdict of the jury and the undisputed facts, and notwithstanding the verdict of the jury."

The loan involved was made by the Temple Trust Company on May 26, 1924, under the following facts and circumstances: Ingram and wife desired to erect a homestead residence in Brownwood. They made a contract with a contractor named Wood to do so. The money was to be furnished by the Temple Trust Company. While there is a conflict in the testimony as to whether the contractor Wood, or Ingram, first approached the local agent of Temple Trust Company at Brownwood concerning the matter, whichever one of them did so first is, under our view of the matter, wholly immaterial. The whole matter was consummated in the manner suggested by Temple Trust Company's agent, all papers were prepared by the Temple Trust Company, and all were executed on the same day. Manifestly, and as indicated by Ingram's testimony, and as found, in effect, by the jury, they all constituted but a single transaction, whereby Ingram obtained a loan from the Temple Trust Company to erect said residence, and the various instruments executed—that is, the mechanic's and materialman's lien note to Wood, his assignment of it on the attached form to the Temple Trust Company, the deed of trust of Ingram and wife to the Temple Trust Company, and the series of notes which it secured—were all but the steps taken upon the instructions of the

agent of the Temple Trust Company to perfect its security for the loan made.

The loan was evidenced by eight notes dated May 26, 1924, three for $200 each and four for $300 each, due, respectively, on June 1, 1925 to 1931, inclusive; and one for $1,400, due June 1, 1934, all bearing 7 per cent. interest per annum, payable semiannually, aggregating the principal sum of $3,200, and each containing accelerating maturity provisions as to the whole debt, at the option of the holder, in case of default in payment of either principal or interest. Ingram paid the first seven of said notes and all interest up to December 1, 1933, aggregating $1,477. He filed this suit on May 2, 1934, alleging that the loan contract was usurious, sought to have all interest paid more than two years prior thereto credited as payment on the principal, which would more than extinguish the principal unpaid, to recover $397 claimed as over payment of principal, to recover a penalty of double the amount paid within the two-year period next preceding the filing of this suit, to have the remaining note for $1400 canceled, and the deed of trust lien canceled as a cloud upon his title.

The issues submitted to the jury were as follows:

"First: Do you find and believe from a preponderence of the evidence that U. R. Groom, acting as agent of Temple Trust Company, agreed to loan the plaintiff the money necessary to build the house in question?

"Second: Do you find and believe from a preponderance of the evidence that the material lien contract executed by the plaintiff in favor of one J. E. Wood was executed by the plaintiff at the suggestion of and under the advice of said U. R. Groom for the purpose of securing such loan, if any such?

"Third: Do you find and believe from a preponderance of the evidence that the plaintiffs R. M. Ingram and wife executed the deed of trust introduced in evidence and the notes described therein in favor of Temple Trust Company for the purpose of consummating such loan, if any such loan?"

Each of these questions was answered "Yes."

No new issues of law are involved in this case. The notes and deed of trust were identical in terms, except as to dates, amounts, etc., with those involved in Temple Trust Co. v. Stobaugh (Tex.Civ.App.) 59 S.W.(2d) 916; Temple Trust Co. v. Haney (Tex.Civ.App.) 103 S.W.(2d) 1035; Temple Trust Co. v. Powers (Tex.Civ.App.) 107 S.W.(2d) 734; Temple Trust Co. v. Moore (Tex.Civ.App.) 107 S.W.(2d) 736.

The only material distinction between the instant case and the above-cited cases is that in those cases the bonus of 12 per cent. on the actual amount of the loan was added onto and included in the amount of the materialman's lien note. In the instant case, the materialman's lien note was made for the actual contract price of the house—that is, $3,200—and the series of notes given for the same amount. But, when the house was completed and the contractor was to be paid off from the loan made by the Temple Trust Company for that purpose, the Temple Trust Company's agent at Brownwood refused to pay on said loan any sum except $2,880, and Ingram was compelled to pay the extra $320, by borrowing same elsewhere. In other words, after the execution of notes and deed of trust for the principal sum of $3,200, Temple Trust Company furnished for his benefit only $2,880. The result is, so far as the loan was concerned, the same as if the contract cost of the house had been only $2,880 for which he was required to execute $3200 in notes. The $2,880 was the principal actually furnished by the Temple Trust Company; and for the use of this sum Ingram executed notes to them for $3,200. Consequently the issues involved are identical with those discussed and disposed of in the cases above cited; and nothing would be accomplished by reiterating those discussions here.

There is no merit in appellee's contention that Temple Trust Company was a bona fide purchaser of the mechanic's and materialman's lien note at a discount. Wood, the contractor, was not dealing independently with Temple Trust Company in the matter. It conclusively appears that from the outset it was understood that Temple Trust Company was to furnish the money for the erection of Ingram's residence. He had applied to it for a loan for that purpose, even before he purchased the lot on which the house was to be erected; and Groom, the Temple Trust Company's agent, had instructed him how to proceed, and that, because it was a homestead, the execution of the mechanic's lien note would be necessary. As above stated, the execution of this note, to which was attached a printed form of assignment to the Temple

Trust Company which was executed by Wood at the same time Ingram signed that note, and the execution by Ingram and wife also at the same time, of the deed of trust and the series of notes here involved, conclusively shows, we think, that but a single transaction was involved; and that all of these instruments were but the steps prescribed by the Temple Trust Company itself in making the loan to Ingram and in perfecting its security for that loan.

Under our holding in Temple Trust Company v. Stobaugh, supra, and Temple Trust Company v. Haney, supra, and the well-settled cases therein cited, the loan here involved was usurious as a matter of law because of the accelerating maturity provisions, and the clear and unambiguous purpose of the lender, in case of default, to exact more than 10 per cent. on the amount of the loan. That being true, Ingram was entitled to have credited on the unpaid principal the interest paid, and to recover the excess so paid over and above that required to discharge the unpaid principal. It is not controverted that Ingram received, by payment to his contractor, for his benefit, only $2,880; nor that he had repaid $1,800 principal, and $1,477 interest on this loan, aggregating $3,277, or $397 in excess of the amount he received on the loan. But he was not entitled to recover a penalty under article 5073, R.S., on the $196 interest paid during the two years next preceding the filing of this suit, for the reason that such interest did not exceed 10 per cent. on actual principal included in the $1,400 note then outstanding. Treating the $320 bonus as all carried into this note, and deducting it from the face of such note, there still remained as principal of the $2,880 borrowed, the sum of $1,080 actual principal still unpaid; 10 per cent. interest on this amount for two years would have been $216, whereas appellant paid as interest only $196, or less than 10 per cent. of the actual principal then unpaid. While the interest paid is deemed usurious because of the provisions of the contract, it did not actually exceed 10 per cent. on the unpaid actual principal during these two years, within the strict construction of article 5073, authorizing a recovery of a penalty. The law does not automatically apply payments of usurious interest as payments of principal, but gives the borrower the right to have them so applied. Adleson v. Dittmar Co., 124 Tex. 564, 80 S.W. (2d) 939; Temple Trust Co. v. Haney, supra. And having elected to have same so applied by this suit Ingram thereby extinguished the unpaid principal of his loan, and was entitled to recover the excess so paid. Some of this excess was paid more than two years prior to filing this suit, but no limitation was pleaded against that. Consequently he was entitled to recover the $397 excess so paid but not entitled to recover the penalty sued for. All of these matters were fully discussed by us in Temple Trust Co. v. Haney, supra, to which we refer without further discussion here.

For the reasons stated, the judgment of the trial court is reversed, and, under the uncontroverted facts and the findings of the jury, judgment is here rendered in favor of appellant canceling said $1,400 note and interest coupons, the deed of trust lien securing its payment, and that appellant recover from appellee the sum of $397 and all costs of suit in the trial court.

Reversed and rendered.

On Appellees' Motion for Rehearing.

We have withheld action on the above motion until the Supreme Court decided the case of Temple Trust Company v. Haney, 107 S.W.(2d) 368 (opinion of this court in 103 S.W.(2d) 1035), in which writ of error was granted. That court on June 30, 1937, affirmed our judgment in that case and adopted our opinion, which renders unnecessary any further discussion of the issues therein disposed of.

Upon consideration of said motion, we have concluded, however, that we were in error in awarding a judgment in favor of Ingram against appellee for the sum of $397, as payment to the appellee of that sum in excess of the principal of his debt; and that our judgment in that regard should be corrected.

It is now settled that a borrower who pays usury is entitled to have all such usurious payments credited upon his principal, and, where he brings himself within the provisions of article 5073, R.S.1925, is entitled to recover the penalties therein provided. But, where he voluntarily pays such interest and principal, he cannot thereafter recover, as overpayment of principal, the interest theretofore so voluntarily paid by him. This exact question was decided in Thompson v. Kansas City Life Ins. Co. (Tex.Civ.App.) 102 S.W.(2d) 285 (writ ref.). See, also, the cases therein cited.

In the Thompson Case the borrower repaid all of the principal and the interest prior to the filing of his suit to recover

such usurious interest. In the instant case Ingram had repaid only $1,800 of the principal; but we see no reason why the same rule should not apply with equal force after the interest so paid has been applied to and has served to extinguish the balance of his unpaid principal. No question is made but that Ingram had voluntarily paid all interest up to the time he filed his suit. That interest he was entitled to have applied to a reduction of his principal still unpaid. But, when the remaining principal is thus discharged, the rule announced in the Thompson Case, supra, would, we think, become operative as to any such excess, and bar his recovery as overpayment of principal such excess interest theretofore voluntarily paid by him.

To this extent appellee's motion is granted, and our former judgment in so far as it awards Ingram a recovery against appellee of $397 is set aside. In all other respects, our former judgment is undisturbed; and appellee's motion is in all other respects overruled.

Granted in part and in part overruled.