TEMPLE TRUST COMPANY ET AL V. J. R. MOORE ET UX.

No. 7353. Decided April 5, 1939.
Rehearing overruled June 28, 1939.
(126 S. W., 2d Series, 949.)

*John B. Daniel,* of Temple, and *Critz & Woodward,* of Coleman, for plaintiffs in error.

*Dibrell & Snodgrass,* of Coleman, for defendants in error.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

This case is similar to several others this day· decided. J. R. Moore and wife were plaintiffs in the district court and will be so designated here. Temple Trust Company and its receiver were defendants and will be so referred to herein. The opinion of the Court of Civil Appeals is in 107 S. W. (2d) 736.

The loan was dated October 27, 1925. The trial court found that same was for $2500, but that $300 additional interest was added to the face of the principal note. The provisions of the deed of trust were identical with the provisions of the deed of trust discussed in the case of Temple Trust Company et al. v. W. H. Sewell et ux., this day decided. (This volume, p. 417, 126 S. W. (2d) 943.) Under the decision in that case the loan was undoubtedly usurious, unless it can be said as a matter of law that there was a bona fide purchase of a mechanic's and materialman's note and lien by Temple Trust Company from J. W. Waits. Defendants claim that the loan was for $2800 and that Temple Trust Company purchased the note from Waits for $2500.

In our opinion there was an abundance of evidence to support the finding of the trial court that the transaction, so far as Waits was concerned, was simulated. Moore testified that he negotiated directly with R. E. L. Zimmerman, local representative of Temple Trust Company, for a loan of $2500, and not $2800. He further testified that his contract ·with Waits was for $2500. The signed application was upon blanks

furnished by the Temple Trust Company and among other things contained the following: "I, J. R. Moore, a photographer, the subscribed applicant, do hereby make application to the Temple Trust Company, Temple, Texas, for a loan for ten years of $2800 *to net* $2500." (Emphasis ours.)

In the application the question is asked if there were any liens on the property? In response to this question Moore answered: "I am putting mechanic's lien for $2500 to J. W. Waits." The papers were all prepared by Temple Trust Company and sent to Zimmerman for execution. They were all executed at the same time. The letter transmitting the papers to Zimmerman referred to the loan as follows: "No. 4137— J. R. Moore et ux.—$2800—Net $2500."

It is undisputed that the only amount paid by the Temple Trust Company was the sum of $2500. The notes aggregated $2800 and bore interest at the rate of 7 per cent per annum, payable semi-annually.

In view of this positive evidence it is almost impossible to see how any one could conclude that a lien was actually executed by plaintiffs in favor of Waits for $2800 and that Waits in good faith discounted the note in the sum of $300.00. There being ample evidence to support the finding that the mechanic's lien contract and note was merely a subterfuge, the finding of the trial court in that respect is conclusive.

The Court of Civil Appeals properly adjusted the matter of payments, and its judgment is in all things affirmed.

Opinion adopted by the Supreme Court April 5, 1939.

Rehearing overruled June 28, 1939.