TEMPLE TRUST COMPANY ET AL V. L. G. POWERS.

No. 7352. Decided April 5, 1939.
Rehearing overruled June 28, 1939.
(126 S. W., 2d Series, 947.)

*John B. Daniel,* of Temple, and *Critz & Woodward,* of Coleman, for plaintiff in error.

*Dibrell & Snodgrass,* of Coleman, for defendant in error.

MR. JUDGE GERMAN, of the Commission of Appeals, delivered the opinion for the Court.

The loan involved in this case was evidenced by the following papers:

1. Mechanic's and materialman's lien contract entered into between defendant in error L. G. Powers and one R. L. Neff, dated July 15, 1924. Upon its face this contract showed that Neff agreed to construct a house upon a certain lot belonging to Powers in the town of Coleman, for a recited consideration of $3136.00, bearing interest at the rate of 10 per cent per annum, payable semi-annually.

2. Assignment of the mechanic's and materialman's lien note by R. L. Neff to Temple Trust Company for a recited consideration of $2800.00.

3. Execution by Powers to Temple Trust Company of eight notes, aggregating the sum of $3136.00, bearing interest at the rate of 7 per cent per annum, payable semi-annually; said notes being designated "bond."

4. Execution by Powers to Temple Trust Company of a deed of trust lien upon the lot in Coleman to secure payment of the bond mentioned above. This deed of trust recited that it was in lieu of and to extend and renew the mechanic's and materialman's lien note heretofore mentioned.

The case was tried before the court without a jury. Judgmen was in favor of Powers, who was plaintiff in the trial court. The Court of Civil Appeals reformed the judgment of the trial court in some particulars, and as reformed, affirmed the same. 107 S. W. (2d) 734.

The trial court made a finding that the loan was made by Powers with the Temple Trust Company for $2800.00; that $336.00 was added into the principal as additional interest; and that because of this added interest, and the acceleration provisions of the contract, the loan was usurious.

The provisions of the deed of trust in this instance were identical with the provisions of the deed of trust discussed in the case of Temple Trust Company et al. v. W. H. Sewell et ux., this day decided (this volume, p. 417, 126 S. W. (2d) 943). The contract was, therefore, usurious, unless there was not sufficient evidence of a probative force to support the finding of the trial court that the transaction involving the mechanic's lien note and contract was simulated. In our opinion the evidence is sufficient to sustain such findings, and the Court of Civil Appeals was of the same opinion. In addition to the fact that all instruments were prepared by the Temple Trust Company and were executed at the same time, there was other evidence of probative force to uphold such finding. Powers testified that his contract with Neff was for only $2800.00 and not $3136.00. He further testified that he negotiated for a loan of only $2800.00 and not for $3136.00. It is significant that the mechanic's lien note was for 10 per cent interest, payable semi-annually, while in the notes executed by Powers to Temple Trust Company the interest was for only 7 per cent per annum. It is obvious, therefore, that the difference between 7 per cent and 10 per cent was taken care of by the additional amount of $336.00 to the principal. Besides Powers, among other things, testified as follows:

"Q. Do you remember whether or not you told Mr. Zimmerman who was the contractor at the time you applied for the loan?

"A. Yes sir.

"Q. Did you tell him that?

"A. Yes sir.

"Q. Did you, or not, tell him what amount Neff had agreed to do the job for?

"A. Yes sir.

"Q. How much did you tell him?

"A. $2800.00.

"Q. Did Mr. Zimmerman make any statement to you as to what the interest rate would be on your loan?

"A. He said it would be 7 per cent.

"Q. Was there anything said about any additional charge at that time?

"A. I think he told me it would be $336.00 more than the amount—than the $2800.00; that I would have to sign notes for that.

"Q. That that was an additional amount that you had to sign notes for?

"A. Yes sir."

It makes no difference whether the loan was for $3136.00 with a discount of $336.00, or was for $2800.00 with $336.00 added as additional interest. In either event the loan in light of the acceleration provisions, was usurious. Adleson v. Dittmar, 124 Texas 564, 80 S. W. (2d) 939; Schmid v. City National Bank, 132 Texas 115, 114 S. W. (2d) 854.

The Court of Civil Appeals correctly adjusted the matter of payments and its judgment is in all things affirmed.

Opinion adopted by the Supreme Court April 5, 1939.

Rehearing overruled June 28, 1939.