R. H. WALLACE V. D. H. SCOTT & SON ET AL.

No. 6978. Decided May 3, 1939.
Rehearing overruled June 7, 1939.
(127 S. W., 2d Series, 447.)

*Mayo W. Neyland,* of Greenville, for plaintiff in error.

Where a contract consists of two or more instruments, all executed at the same time and relate to the same subject matter, they are to be construed together. And if taken together at the inception of the contract, they disclose an intention of the creditor under certain contingency to collect from the debtor, as interest, an amount in excess of the interest allowed by law, the contract will, be declared subject to the vice of usury. Shropshire v. Commerce Farm Credit Co., 120 Texas 400, 39 S. W. (2d) 11; Commerce Trust Co. v. Best, 124 Texas 583, 80 S. W. (2d) 942; Manning v. Christian, 124 Texas 517, 81 S. W. (2d) 54.

*Clark, Harrell & Clark,* of Greenville, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by the plaintiff in error, R. H. Wallace, against D. H. Scott & Son, and T. M. Scott, and the Rutland Savings Bank of Vermont, seeking to have a certain promissory note for the principal sum of $6000, hereinafter described, declared usurious, and to have the principal thereof extinguished by the application of various payments of usurious interest. The Rutland Savings Bank, which will be hereinafter called the Rutland Bank, alleged in its answer, among other things, that it was holder of said note in due course, and set up a cross action seeking recovery on the note, including principal, unpaid interest and attorney's fees, with foreclosure of the deed of trust lien securing same. Scott & Son and T. M. Scott answered by general denial. The case was tried without a jury, and the trial court rendered judgment cancelling said note and the deed of trust securing same. The Court of Civil Appeals reversed said judgment and rendered judgment for the Rutland Bank, with foreclosure of said lien. 83 S. W. (2d) 1032. Parties will be designated as in the trial court.

The undisputed evidence shows the following facts:

On January 20, 1916, plaintiff borrowed $6200 from Commerce Farm Credit Company, and executed to said Company a

promissory note for the amount borrowed. According to its terms, the note bore interest from February 1, 1916, to maturity, at the rate of six per cent per annum as represented by interest coupons attached to the note. To secure the payment of this note, plaintiff executed a deed of trust covering certain land in Delta County. In the same transaction, he executed a series of interest notes, in addition to the interest coupons attached to the principal note, and to secure the payment of these interest notes, executed a second deed of trust covering the same land. The provisions of these notes and deeds of trust are set out in the opinion of the Court of Civil Appeals. We do not need to discuss them, other than to say that they are identical with the provisions of the contracts involved in the case of Commerce Credit Co. v. Best, 124 Texas 583, 80 S. W. (2d) 842, both loans having been made by the same company, and the transaction in this instance was undoubtedly usurious.

Plaintiff paid all interest on this loan as it became due, and prior to January 14, 1921, paid $2200 on the principal. On the date last mentioned he entered into a new contract with D. H. Scott & Son. The effect of this transaction was to renew and extend the balance of $4000 due on the former loan. Two series of notes and two deeds of trust were executed, and the terms and provisions of same were identical with those in the prior transaction. Because of the acceleration provisions in the second series of notes and the deed of trust securing same, which were identical with those in the Best case, the loan was unquestionably usurious. Upon this second loan plaintiff paid the interest as provided up to December 22, 1924, but paid nothing on the principal.

On the last mentioned date, plaintiff borrowed from Scott & Son the sum of $2000, and he and his wife executed to them a promissory note for the principal sum of $6000. This sum was made up of the $2000 borrowed at the time, and the principal of the note for $4000 executed in the previous transaction. Said note for $6000 is the one in controversy, and it provided for the payment of interest from January 1, 1925, until maturity, at the rate of six per cent per annum. Attached to the note were seven interest notes or coupons for the sum of $360 each, due respectively on January 1, 1926, 1927, 1928, 1929, 1930, 1931 and 1932. Each of these interest coupons shows on its face that it was for interest on the principal note. In the same transaction, plaintiff executed seven additional interest notes for the sum of $60 each, which were to mature successively on the same date each year as the interest

coupons just mentioned. To secure the payment of the principal note and the seven interest coupons attached thereto, plaintiff executed a deed of trust covering the same land as was covered by the deeds of trust hereinbefore mentioned. He also executed a second deed of trust, on the same land, to secure payment of the seven interest notes for $60 each. On January 24, 1925, the Rutland Bank became the purchaser of said principal note together with the seven interest coupons attached thereto, paying therefor the sum of $6000.

■ It is contended that each of the three loan transactions involved a contract for usury; and that plaintiff is entitled to have all payments of interest applied to the extinguishment of the $6000 principal called for by the note held by the Bank. In no event could this contention be maintained so far as it concerns interest payments made to Scott & Son and to Commerce Farm Credit Company. Hamilton v. Bill, 90 S. W. (2d) 929; Temple Trust Co. v. Murfee, 133 Texas 53, 126 S. W. (2d) 643.

We have concluded that the last transaction was not within itself usurious. The interest called for by the various interest coupons for $360 each is at the rate of six per cent per annum; and that called for by the interest notes for $60 each is at the rate of one per cent per annum. It is thus seen that the coupons and interest notes together do not call for the payment of usury. If usury is involved it must be found, if found at all, in connection with some accelerating clause involved in the transaction. One accelerating clause is to be found in the principal note itself, which note reads partly as follows:

"For value received, on the 1st day of January, 1932, we do hereby promise to pay to the order of D. H. Scott & Son, Paris, Texas, the sum of Six Thousand and 00/100 Dollars * * * with interest thereon from January 1, 1925, at the rate of 6 per cent per annum, payable annually on the first day of January of each year, according to the tenor and effect of seven interest notes bearing even date herewith. This note and said interest notes to bear interest after maturity at the rate of ten per cent per annum until paid. It is expressly agreed that in case of default in the payment of this note, or any one of them, or of any of said interest notes, or any part of either, as they shall become due and payable * * * then in such case the principal sum expressed in this note, with all *accrued interest,* shall, at the option of the legal holder or holders hereof, at once become due and payable. * * *"

■ It is seen from this, that so far as the seven interest notes

or coupons for $360 each are concerned, the holder of the note was not given the option to mature any of them except as to interest "accrued." The accelerating clause contained in said note did not, therefore, have effect to taint the note with usury.

Taking up for examination the seven interest notes for $60 each, it is found that each of them shows on its face that same was given for part of the interest on said principal note, and also contains the following provision:

"This is one of a series of notes secured by a deed of trust of even date herewith on real estate in Delta County, Texas, and the failure to pay this note, when due, shall, at the option of the payee mature all of said series of notes."

The second deed of trust given to secure the payment of this series of notes contains an accelerating clause which is materially the same as that set out above. We need not discuss what the effect would have been if the matter stood just this way. In the deed of trust given to secure these notes—the second deed of trust—it is provided as follows:

"It being the intention of the parties to conform strictly to the usury laws now in force, any of the said contracts for interest shall be held subject *to reduction to the amount allowed* under said usury laws as now or hereafter construed by courts having jurisdiction."

■ It was perfectly consistent for the parties to limit the amount to be collected in case the option granted in each of the notes should be exercised prior to January 1, 1929, and thereby prevent the collection of interest on the principal debt in excess of the rate allowed by law. It is plain as can be that the clause just quoted had effect to limit the amount of interest to be collected under any of these notes—in case the option were exercised prior to January 1, 1929—to such an amount as would not render the rate of interest on the principal debt greater than ten per cent per annum. The case of Nevels v. Harris, 129 Texas 190, 102 S. W. (2d) 1046, is decisive of this precise question.

■ As plaintiff is not entitled to offset against the principal note in the hands of defendant Rutland Bank any payments made on the two prior loans, the only question remaining is the one concerning application of interest payments made on the last loan. After careful research and consideration we have concluded that although the principal note is not subject to the offsets mentioned, and the contract evidencing this loan

is not within itself usurious, yet on account of the fact that this loan represents to the extent of $4000 a renewal and extension of the principal of a prior usurious loan, it is still subject to the taint of usury as to interest payments on that $4000.

■ The trial court expressly found that the last loan was a renewal to the extent of $4000. The question of renewal is usually one of fact. It is elementary that the taint of usury in a transaction extends to each renewal thereof. 42 Tex. Jur., pp. 946-947, and authorities cited. There being a finding of renewal this negatives the idea of a novation sufficient to purge the transaction from the taint of the usury. Besides it does not appear that the parties had any intention of purging the transaction by the third loan. The arrangement falls far short of the one involved in the recent case of Dodd v. Phoenix Mutual Life Ins. Co., 122 S. W. (2d) 679, which comes nearest of any other case to support defendants' contention. There was practically no evidence tending to show estoppel, and the trial court is presumed to have found against defendants in this respect. Certainly we cannot say, as a matter of law, that plaintiff was estopped. As the original transaction was usurious, the provisions for interest were swept from the contract, and it was left as though it did not stipulate for interest. Shropshire v. Commerce Farm Credit Co., 120 Texas 400, 39 S. W. (2d) 11, 84 A. L. R. 1269.

■ Of the third loan the sum of $2000 was new money, and the contract as to it was not usurious. As to the $4000 brought over from the prior loans defendant Rutland Bank was not entitled to collect interest. The separate interest notes were retained by D. H. Scott & Son and paid to them. The plaintiff was not entitled to a credit upon the principal note of such payments.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and the cause is remanded to the trial court with instructions that judgment be rendered in favor of defendant Rutland Bank for the principal of its note and attorney's fees thereon, less credits for such interest payments as may have been made thereon, in so far as the $4000 is concerned, and for judgment foreclosing its lien.

Defendant in error Rutland Bank will pay all costs incurred in this Court, while plaintiff in error will pay all costs in the Court of Civil Appeals.

Opinion adopted by the Supreme Court May 3, 1939.

Rehearing overruled June 7, 1939.