**BAUMANN et al. v. CIBOLO LUMBER CO. et al.**

No. 12030.

Court of Civil Appeals of Texas. San Antonio.

Jan. 11, 1950.

Maverick, Putman & Putman, San Antonio, for appellants.

Threlkeld, Saegert & Saegert, Seguin, for appellees.

NORVELL, Justice.

By a bill of interpleader, Milton C. Carlson and wife, Evelyn E. Carlson, joined by the Guadalupe County Abstract Company, deposited into the court the sum of $2,484.00 for disposition among various persons who claimed accounts against John H. Hehs. Hehs had agreed to construct an extra room and remodel a house located upon certain property owned by Mr. and Mrs. Carlson. The impleaded parties had furnished services and materials to Hehs which had been used in such construction. These claimants are divided into two classes, i. e., those who followed the provisions of Article 5453, Vernon's Ann. Civ.Stats., in affixing a lien against the premises, and those who had not complied with said statute. The case was tried to the court without a jury and judgment rendered awarding the fund deposited into the court (with the exception of court costs and plaintiffs' attorney's fee) to the claimants who had perfected their liens in accordance with the statute.

The appellants, Melvin Baumann, Elmo Baumann, Oscar Schulz, Roger McCue and Henry Schraub, have appealed and contend that despite their non-compliance with the statute their claims should have been placed upon an equality with the claims of the appellees, Cibolo Lumber Company, Lawrence Seiler, Alfred Seiler, Jesse Doane and A. & A. Floor Finishers. Appellants contend that they were entitled to a constitutional lien by virtue of the provisions of Article 16, § 37, of the Constitution of Texas, Vernon's Ann.St., and that the fact that appellees complied with the terms of Article 5453, did give said appellees' liens priority over the liens asserted by appellants.

The pertinent constitutional section provides that "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

In accordance with the constitutional direction, the Legislature has adopted laws relating to the securing of liens upon property in favor of mechanics, artisans and material men. Articles 5452 and 5453, Vernon's Ann.Civ.Stats.

It seems well settled that as between the owner of property and a mechanic, artisan or material man with whom he contracts, it is not necessary that the statutory requirements of the two articles above mentioned be complied with, as the constitutional provisions are regarded as being self-executing. Shirley-Self Motor Co. v. Simpson, Tex.Civ.App., 195 S.W.2d 951. In the present case, however, the owners of the property, Mr. and Mrs. Carlson, did not contract directly with any of the persons or firms now asserting claims against the impounded fund. The accounts sup-

porting these claims were all incurred by John H. Hehs. Hehs occupied the position of an independent contractor in relation to Mr. and Mrs. Carlson, and hence the claims of the mechanics and material men here involved are not direct but are derivative. These claims depend upon an agreement made by Hehs, who was not the owner of the property against which liens are asserted.

In the case of First National Bank v. Lyon-Gray Lumber Co., 110 Tex. 162, 217 S.W. 133, 134, the Supreme Court held that it was necessary for a derivative complainant to comply with the applicable statutory provisions in order to fix and secure his lien. It was said that "Articles 5623 (5453), 5635 (5463–5466) and 5637 (5468) clearly express the legislative intent to make the filing of an itemized account, as well as written notice, a prerequisite to the enforcement of a debt incurred by a contractor or subcontractor with a materialman as against the owner or his property." Article numbers in parenthesis refer to the current Vernon's Ann.Civ.Stats.

In Texas Jurisprudence, it is said that, "Irrespective of whether the lien of a derivative claimant—such as one who furnished materials to the contractor or subcontractor—is to be considered as given by the Constitution, yet the Constitution requires the Legislature to enact laws for the enforcement of such liens, and statutes have been passed for the purpose. These statutory requirements, insofar as they relate to the filing of an itemized account by derivative claimants, as well as to the giving of written notice, have been held to be reasonable and just regulations with which a compliance must be had." 29 Tex. Jur. 519, § 52.

We overrule appellants' first and second points.

■ By their third point appellants contend that appellees have waived their right to assert the priority of their claims in and to the impounded fund. As the basis of a waiver, they rely upon an interlocutory judgment rendered about fifteen days prior to the date of the final judgment. This interlocutory order specifically reserves

and protects appellees' asserted claims against the impounded fund and does not operate as an "intentional relinquishment" of their rights in and to said fund. Appellants' third point is overruled. 43 Tex. Jur. 891, § 2; Texas Glass & Paint Co. v. Southwestern Iron Co., Tex.Civ.App., 147 S.W. 620, loc. cit. opinion on rehearing, page 624.

The record does not support appellants' contention that the trial judge abused his discretion in overruling appellants' motion for continuance. Appellants' fourth and last point is overruled.

The judgment appealed from is affirmed.