J. S. PIERCE et al., Appellants,

v.

W. A. MAYS, Appellee.

No. 6433.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 18, 1954.

Rehearing Denied Nov. 15, 1954.

·Snodgrass & Calhoun, George S. McCarthy, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

Simpson, Clayton & Fullingim, Amarillo, for appellee.

MARTIN, Justice.

This appeal involves the sole issue of priority as between mechanic's and materialman's liens and a recorded deed of trust. Due to the loss of the court reporter's notes, no statement of facts was brought forward on appeal. However, the trial court has detailed the issues in the cause by its findings of fact and conclusions of law.

The findings of fact reveal the following matters. On the 3rd day of May, 1951, J. S. Pierce, the owner of three lots, executed and delivered to W. A. Mays a note for $11,000 bearing interest at the rate of 8 per cent per annum and secured by a deed of trust on three lots. This lien was given for the $11,000 in order to improve the lots but no general contract for construction of the improvements was ever executed between any of the parties to this cause of action. On request of W. A. Mays, Pierce paid to Wayland College $1,000 of the $11,000 loan. As to the improvements made on the lots, all labor was performed and materials furnished only under individual contracts of the various parties as made with the owner of the property. The work

performed and materials furnished by the various claimants, other than E. C. Chesshier and G. L. Pierce, were furnished subsequent to the 3rd day of May, 1951, the date of the W. A. Mays deed of trust. As to the materialman's claim of E. C. Chesshier, the trial court found that "E. C. Chesshier on the 27th day of April, 1951, furnished material to the defendant V. L. Clynch of the value of $1,313.48". The court, in requested additional findings of fact, found that on the 3rd day of May, 1951 the three lots involved were under a contract of sale from E. H. Klein to V. L. Clynch and had been under such contract of sale since the 5th day of April, 1951. The court further found that V. L. Clynch commenced construction of improvements on Lots 16 and 17 prior to the 3rd day of May, 1951. On May 4, 1951, the lots were conveyed by E. H. Klein to J. S. Pierce. Following that date all materials and labor were furnished to J. S. Pierce as owner. The trial court also found that commencing with the 2nd day of May, 1951 to and including the 1st day of June, 1951, G. L. Pierce performed labor for J. S. Pierce in erecting improvements on the lots.

The trial court decreed that the deed of trust lien of W. A. Mays, appellee, was a first and superior lien on the lots and improvements to secure $10,000 of his debt with interest and attorney's fee thereon but ruled that the lien securing the sum of $1,000, which sum was paid from the loan funds by Pierce to Wayland College at the request of Mays, was inferior to all mechanic's and materialman's liens. Apparently, no appeal was perfected as to the claim of G. L. Pierce and Roy Campbell— at least, the claims have not been briefed and presented in this court and the same will not be ruled on here. E. C. Chesshier, one of the appellants, perfected an appeal as to his claim in the amount of $1,313.48 and the same has been briefed on appeal. The claims of K. Kishpaugh, Connie J. Court and Ray Rehil, Star Lumber Company, C. L. Skaggs, E. J. Scott and Ralph M. Miller have also been presented on appeal.

■ The trial court correctly ruled that each of the appellants in this cause of action had "a lien covering the hereinabove described property * * *" as the record reveals that all material and labor were furnished by the various claimants directly to the owner of the property. "Moreover, the material was furnished directly to the owner for the construction of the improvements, and, under the Constitution, a lien for the value thereof accrued to the furnisher of the material without the necessity of the filing of the account with the County Clerk. The Constitution, Art. XVI, Section 37 [Vernon's Ann.St.]". Brick & Tile Inc., v. Parker, 143 Tex. 383, 186 S.W.2d 66, Syl. 3; Baumann v. Cibolo Lumber Co., Tex.Civ.App., 226 S.W.2d 210; Tomlinson v. Higginbotham Bros. & Co., Tex. Civ.App., 229 S.W.2d 920. Since all the liens in issue are valid, as found by the trial court in its findings of facts and conclusions of law, the next issue to be resolved is that of priority of the various liens.

■ The trial court's findings of fact reveal that the debt and lien of E. C. Chesshier had its inception on the 27th day of April, 1951—the date the material was furnished to V. L. Clynch as owner of the lots. Since W. A. Mays' deed of trust was not executed and filed for record until the 3rd day of May, 1951, the debt and lien of Chesshier in the amount of $1,313.48 with interest thereon from the 27th day of April, 1951 at the rate of six per cent per annum is a prior materialman's lien to the note and deed of trust lien held by W. A. Mays. Constitution, Art. XVI, Section 37; Tomlinson v. Higginbotham Bros. & Co., supra; Baumann v. Cibolo Lumber Co., supra; Brick & Tile Co., Inc., v. Parker, supra; 29 Texas Jur., Section 84, Page 558, Section 89, Page 566 and Section 91, Page 568.

■■ As to the remaining mechanic's and materialman's liens, the record reveals no general contract with the owner as to the erection of the improvements. The work and materials were furnished directly to the owner by the various mechanics and materialmen individually. Therefore, these

various lien securing debts as to material and labor furnished had their inception as of the date the same were furnished. Crabb v. William Cameron & Co., Inc., Tex.Com. App., 63 S.W.2d 367. As revealed by the trial court's findings of fact, the inception of the liens of these various remaining claimants was subsequent to the execution and recordation of the Mays' deed of trust and such liens would therefore be inferior to the said deed of trust. The trial court further found that the improvements placed on such lands were permanent improvements and could not be removed from the lands without injury thereto and could not therefore be separated or removed from the land.

The record further reveals that the lots in question have been sold and the balance of the proceeds of such sale, after payment of certain costs, in amount $11,926.72 is held by a receiver subject to the order of the trial court. The record discloses a further issue as to the distribution of this fund. W. A. Mays received the note from J. S. Pierce in the amount of $11,000 and bearing interest at the rate of 8 per cent per annum. On execution of such note, Mays delivered to Pierce the sum of $11,000. From this $11,000 as delivered, Pierce paid the sum of $1,000 to Wayland College. As to this $1,000 payment the trial court found the following "IV. I find that the $1,000 paid by the defendant, J. S. Pierce, to Wayland College at Plainview, Texas was made at the request of the plaintiff, W. A. Mays". The trial court further found that the $1,000 paid by Pierce to Wayland College was not a condition precedent to Mays making the loan to Pierce as evidenced by the $11,000 deed of trust note. It is apparent that Pierce received only $10,000 since he paid $1,000 of the loan to Wayland College as requested by Mays. But, Pierce was obligated to repay to W. A. Mays $11,000 with interest at 8 per cent per annum. The transaction was usurious from its inception —"disregarding form and looking to substance, as reflected by the entire loan transaction". Schmid v. City National Bank of Wichita Falls, 132 Tex. 115, 114 S.W.2d

854, 855; Temple Trust Co. v. Moore, 133 Tex. 429, 126 S.W.2d 949.

It is recognized that the trial court did not directly rule that the loan transaction was usurious but the issues stated in the paragraph above lead to such conclusion. Further, the trial court's judgment decreed that Mays' lien was superior to the liens of the other claimants only as to the sum of $10,000 with interest and attorney's fees on such amount. The $1,000 paid by Pierce to Wayland College on request of W. A. Mays was decreed by the trial court to be secured by a lien which was inferior to the liens securing the debts of all the claimants herein. The court correctly permitted W. A. Mays to recover $10,000 as principal of the loan and correctly decreed the same as secured by a superior lien to the liens securing the debts of all the claimants other than E. C. Chesshier. Crabb v. William Cameron & Co., Inc., supra; Sullivan v. Texas Briquette & Coal Co., 94 Tex. 541, 63 S.W. 307, 29 Tex.Jur., Section 84, Page 560. The recovery by W. A. Mays of any amount in excess of the principal sum of $10,000 is governed by Art. 5071, Vernon's Texas Civil Statutes. Under this statute, the contract of W. A. Mays was "void and of no effect for the amount or value of the interest only; but the principal sum of money or the value of the contract may be received and recovered". W. A. Mays could recover only the principal sum of $10,000 and 10 per cent attorneys' fees and the deed of trust lien was valid to that extent and prior to the lien of the claimants other than Chesshier. Texas Co. v. Tucker, Tex.Civ.App., 129 S.W.2d 762, Syl. 8 (Writ Refused). At least the claimants should have tendered into court the $10,000 to have obviated the foreclosure. Carden v. Short, Tex.Civ.App., 31 S.W. 246 (Writ Refused); Robertson v. Duncan, Tex.Civ. App., 71 S.W.2d 597.

Therefore, the debt and lien of E. C. Chesshier in the amount of $1,313.48 with interest thereon at the rate of 6 per cent per annum from the 27th day of April, 1951 is a first and superior lien on the bal-

ance of the fund of $11,926.72, after payment of court costs, receiver's fee of $600, abstract fee of $35 and publication fee of $14.04. W. A. Mays is next entitled to recover the principal sum of $10,000 and 10 per cent attorneys' fees and has a valid lien against the balance of the fund for such amount until the fund is exhausted, which lien is superior to the lien of the other claimants with the exception. of Chesshier. The fund being exhausted by the above claims, the other appellants may have their execution as against J. S. Pierce for their respective judgments.

The judgment of the trial court is reversed and judgment is rendered as above detailed under the principles herein cited.

NORTHCUTT, J., not participating.