**REGOLD MANUFACTURING COMPANY et al., Appellants,**

**v.**

**MACCABEES, Appellee.**

No. 16242.

Court of Civil Appeals of Texas.

Fort Worth.

June 30, 1961.

Rehearing Denied Sept. 15, 1961.

Stone, Parker, Snakard, Friedman & Brown and John G. Street, Jr., Fort Worth, for appellants K. W. Martin Lumber Co. and Regold Mfg. Co.

John A. Kerr, Fort Worth, for appellant R. H. Owens, d/b/a R. H. Owens Lumber Co.

Simon & Simon and Sheldon Anisman, Fort Worth, for appellant Henderson Hardware, Inc

Richard Owens, Fort Worth, for appellee.

MASSEY, Chief Justice.

The question involved upon this appeal effectively presents the question of whether the method followed in effecting interim financing in connection with the erection of a building upon the lot of a mortgagor did actually accomplish the purpose intended in such transaction,—i. e., was the security of a first lien afforded by the deed of trust upon the note given for future advances necessary to be made to accomplish the complete construction contract?

It is the contention of the appellants that their mechanics' liens for materials subsequently furnished were of equal dignity with the lien given incident to arrangements made for interim financing, and that upon foreclosure of all liens they were entitled to share proportionately with the holder of the lien for the advances by the interim financier.

Since the proceeds from the sale of the property (upon which all the liens obtained) were insufficient to wholly retire the indebtedness contracted upon in the interim financing appellants are entitled to nothing unless their liens be either first and prior to that under the deed of trust, or be equal to and on a par therewith, and they would be left only with a personal judgment against the owner/mortgagor of the property (prior to lien foreclosure), the collectibility of which is in doubt. The judgment appealed from was one which left appellants with a mere personal judgment against such owner/mortgagor.

We believe that we should state a materially controlling principle of law as a predicate for our discussion. In 19 R.C.L., p. 429 "Mortgages", heading "Priority between Mortgage to Secure Future Advances and Other Liens", sec. 210 "Advances Made before Subsequent Lien; Advances Made without Notice of Subsequent Lien" (also see 36 Am.Jur., p. 807, sec. 233 under "Mortgages"), this proposition is stated:

"The record of a mortgage to secure future advances is notice to all subsequent incumbrancers as to advances made before their incumbrances." And further: "All the adjudications appear to agree that, in the absence of notice of an inferior lien, the holder of security for future advances may continue to treat the property as free from subsequent incumbrance, and therefore can safely make further loans to the debtor. His prior equity under the mortgage is superior to the subsequent equity of one who holds a later lien as to all advances made in ignorance of such subsequent incumbrance, whether made before or after it attaches to the property."

That this is the law in Texas is evident from the following authorities. Cisco Banking Co. v. Keystone Pipe & Supply Co., Tex.Com.App.1925, 277 S.W. 1060, opinion adopted; Crabb v. William Cameron & Co., Tex.Com.App.1933, 63 S.W.2d 367. See also 5 A.L.R. 398, supplemented in 53 A.L.R. 580, Annotation: "Priority as between mortgage for future advances and mechanics' liens"; 76 A.L.R. 1402, Annotation: "Priority as between mechanics' lien and mortgage not providing for future advances executed before effective date of mechanics' lien, as affected by fact that proceeds of the mortgage were paid, in whole or part, after that date"; 28A Tex.Digest, "Mortgages", ▮ "Priority of Mortgages in general", sub. (3) "Mortgages and mechanics' or contractors' liens in general."

If a mortgage is executed and recorded before work has been commenced or any materials have been furnished, although the mortgagor remains in possession, the mechanic or material man has notice of the mortgage, and furnishes the labor or material solely on the personal credit of the mortgagor, and on his interest in the land subject to the mortgage.

The facts in the case before us on appeal fit the proposition of the stated

principle of law from Ruling Case Law. A deed of trust mortgage to secure future advances necessary as building construction progressed was executed and recorded along with a general contractor's contractual mechanics' lien before the mechanics' liens of the appellants came into existence. Although appellants' liens became fastened upon the property, appellants never gave the holder of the security for the future advances notice of any kind until it had expended the whole of the amount agreed to be paid in the form of advances, the greater part of the advancements or payments having been paid subsequent in time to the dates the various appellants became entitled to liens.

A general construction contract having been executed by and between the owner/mortgagor along with other instruments, all in connection with a simultaneous transaction with the financing mortgagee, to-wit: an expressed mechanics' lien on the property to the general contractor to secure payment of said construction contract,—a note to said contractor for the total consideration therefor,—and a note in identical amount to the mortgagee's bank, secured by deed of trust, for future advancements to be paid by the bank as construction progressed to retire the indebtedness evidenced by the mechanics' lien note, the appellants contend that under the decision in the case of Oriental Hotel Co. v. Griffiths, 1895, 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765, their several mechanics' liens should at least be accorded equal dignity with that of the general contractor and of the deed of trust mortgagee, and that under such circumstances the deed of trust lien could not be accorded any priority to their liens. Differently stated, the appellants contend that by reason of the fact that an application of the doctrine of the Oriental Hotel Company case would legally result in making their liens effective on the date of the general contract, they would be entitled to share proportionately with the financing agency or its assignee by reason of their liens having equal dignity

with that of the deed of trust, it having been executed simultaneously with the general contract and not at a prior time.

It is to be observed that one purpose of the instruments executed incident to the arrangements for and accomplishment of the interim financing was to evidence (by contract promptly placed of record) that the general contractor was given an expressed mechanics' lien, along with provisions (by way of contract promptly placed of record) regarding the manner in which indebtedness underlying the same would be retired. The parties to the transaction contracted in agreement that such lien would be subsequent to the deed of trust lien. Ordinarily one effect of supplying materials or services under such a general contract by third persons would be to afford them an interest in the rights of the general contractor by subrogation, the suppliers becoming the subrogees to an interest therein.

In Sullivan & Co. v. Texas Briquette & Coal Co., 1901, 94 Tex. 541, 63 S.W. 307, 309, Mr. Justice Brown, who was also the author of the opinion in the Oriental Hotel Company case, refused to make a projection of the doctrine of such case in the matter of having mechanics' liens "relate back" to the date of a general construction contract calling for the construction of any building according to prescribed plans and specifications, but in effect held that the doctrine "went as far as the law justifies", and hence should not be expanded to apply to factual situations not strictly analogous to those disclosed in the reported opinion. McConnell v. Mortgage Investment Co. of El Paso, 1957, 157 Tex. 572, 305 S.W.2d 280. The factual situation in the case before us is not strictly analogous and indeed the application of the principle sought by the appellants would be an expansion of the doctrine of the Oriental Hotel Company case.

We believe that a proper construction of the law as same is to be applied to the circumstances of the instant case requires that we hold that—since the effective date

of the general construction contract is the same as that of all the other instruments executed in connection with an entire transaction essential to the financing of the construction, and whereby a mortgage lien is given with the intention and agreement that it shall constitute a first and prior lien on the property contemplated to be constructed, and as security for the advancements necessary to the accomplishment of such construction,—the purpose intended and agreed to is legally accomplished,—i. e., that the mortgage (deed of trust) lien was actually and effectively made the first and prior lien to the mechanics' liens thereafter arisen after same was recorded whether the subsequent liens properly come under the general construction contract or not.

To arrive at the opposite conclusion it would be necessary to disregard the expressed intention of the parties as set forth in their written agreements. Doctrines which produce legal consequences contrary to the expressed intention of the contracting parties are admittedly hazardous to business practices and should not be resorted to where there is an absence of a constitutional, statutory or public policy demand compelling such course. No sufficient reason is suggested here for not giving effect to the contracts as written. Indeed, a contrary holding might cast in doubt the efficacy of the practice at present in effect in the Texas building industry in connection with interim financing essential to much present-day construction. Any effect it would have on that phase of business activity could only be harmful to the interest of all for it would likely become more difficult and expensive to obtain construction financing.

■■ There is an additional reason why appellants must fail. By a finding of the court, of which no complaint is made on the appeal,—and indeed the finding is supported by adequate evidence,—the materials furnished by the appellants were delivered to and upon the credit of the owner/mortgagor in his individual capacity rather than

to him as the president of the contracting corporation which held the general construction contract. Their dealings therefore cast the appellants in the roles of original contractors rather than in that of subcontractors under the general construction contract. That this is true finds amplification when it is noticed from the record that no capacity as that of agent on the part of the owner/mortgagor for the general contractor was ever established other than at the time of and in connection with the original financing transaction. In view thereof appellants' several liens had their inceptions on the dates each originally furnished their first building materials to the owner/mortgagor. All such dates of inception were subsequent in time to the deed of trust lien given for advancements. Pierce v. Mays, Tex.Civ.App. Amarillo, 1954, 277 S.W.2d 155, modified and affirmed at 154 Tex. 487, 281 S.W.2d 79; Crabb v. William Cameron & Co., supra; McConnell v. Mortgage Investment Co. of El Paso, supra.

Judgment affirmed.